# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **CRIMINAL NO. SA-14-CR-500-XR** |
| | § | |
| **ANGUS KELLY MCGINTY** | § | |
| | § | |

## FILED UNDER SEAL

## PETITIONER MCGINTY'S REQUEST FOR CERTIFICATE OF APPEALABILITY UNDER TITLE 28 U.S.C. SECTION 2253(c)

**TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS:**

COMES NOW the Petitioner, Angus Kelly McGinty ("Mr. McGinty") by and through undersigned counsel and hereby files this his request for Certificate of Appealability ("COA") of the Order dated April 6, 2017  [Docket No. 95], denying and dismissing his Petition filed under 28 U.S.C. 2255, and respectfully requests this Court issue a COA, pursuant to Title 28, United States Code 2253(c)(1)(B), and Rule 22(b), Federal Rules of Appellate Procedure.  Rule 22(b) of the Federal Rules of Appellate Procedure and Title 28 U.S.C. § 2253 require issuance of a COA before an appeal may be heard of a denial of a petition for relief under 28U.S.C. §2255.  In support of his application, Mr. McGinty incorporates herein by reference, as if fully set out herein, the arguments set out in Mr. McGinty's First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2255 (Docket No. 96) and in Petitioner's Reply to United States' Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2255 (Docket No. 110).

I.      **Legal Standard for Issuance of a COA**

Title 28 U.S.C. § 2255(c)(1)(B) requires that a petitioner must request a COA in order to appeal the denial of a petition filed under 28 U.S.C. 2255.  The Supreme Court, in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), provided that a COA must issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In *Slack*, the Supreme Court clearly laid out the test that courts should apply in deciding whether to grant a COA, both as to claims disposed of by the district court on the merits and those disposed of on procedural grounds. "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner [seeking a COA] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.  Where a district court has disposed of claims raised in a habeas petition on procedural grounds, a COA will be granted only if the court concludes that "jurists of reason" would find it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604).

A COA *must* issue if the appeal presents a "question of some substance," i.e., at least one issue (1) that is "'debatable among jurists of reason'"; (2) "'that a court *could* resolve in a different manner'"; (3) that is "'adequate to deserve encouragement to proceed further'"; or (4) that is not "squarely foreclosed by statute, rule, or authoritative court decision, or . . . [that is not] lacking any factual basis in the record." *Barefoot v. Estelle,*  460 U.S. 880, 893 n.4 (1983), (quoting *White v.*

*Florida*, 458 U.S. 1301, 1302 (1982)) (holding that a COA must issue if a petitioner "sho[w][s] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'").  Thus, a petitioner need show only that the issues raised are debatable among reasonable jurists: a court "should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief."  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).  The district court, when granting a COA, must "indicate [for] which specific issue or issues" the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2), (3).  *Peoples v. Haley*, 227 F.3d 1342 (11th Cir. 2000).

Mr. McGinty is requesting a COA from the denial of his 2255 Petition that challenged his conviction on the basis that his plea of guilty was not knowingly and voluntarily entered because the conflict of interest between he and his lawyers resulted in ineffective assistance of counsel. Specifically, it is uncontroverted that prior to Mr. McGinty's indictment, his lawyers, Jay Norton ("Mr. Norton") and Alan Brown ("Mr. Brown), were also mentioned by cooperating witnesses as potential suspects in the Bexar County courthouse corruption investigation.  The basis of Mr. McGinty's 2255 Petition is that because his lawyers were also potential suspects in the same investigation as he was, they were simultaneously representing not only Mr. McGinty but also themselves and therefore the *Cuyler* standard should be used.  This Court's ruling was premised on it being bound by "the general pronouncement of *Beets—Strickland,* rather than *Cuyler"* in ineffective assistance of counsel claims that arise from attorney conflicts outside of the multiple or serial representation context.  Docket no. 110, at 11.

The standard for the COA to issue in this case is undoubtedly met.  First, it is inarguable that Mr. McGinty had a constitutional right to conflict-free assistance of counsel and he was deprived of

this right in Mr. Norton and Mr. Brown's representation of him.  *See People v. Almanza*, 233 Cal. App. 4th 990, 999, 183 Cal. Rptr. 3d 335, 341 (2015), reh'g denied (Feb. 25, 2015), quoting *People v. Rundle* (2008) 43 Cal.4th 76, 168, 74 Cal.Rptr.3d 454, 180 P.3d 224, overruled on another point in *Doolin*, supra, 45 Cal.4th at p. 421, fn. 22, 87 Cal.Rptr.3d 209, 198 P.3d 11 ("It has long been held that under both Constitutions, a defendant is deprived of his or her constitutional right to the assistance of counsel in certain circumstances when, despite the physical presence of a defense attorney at trial, that attorney labored under a conflict of interest that compromised his or her loyalty to the defendant."); *see also Wood v. Georgia,* 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981) (holding that under the Sixth Amendment, a criminal defendant has the right to be represented by counsel whose loyalties are undivided.)  Second, jurists of reason have already found that the *Cuyler* rather than *Beets/Strickland* standard should be used when a lawyer is a potential co-defendant which his client and therefore, the second prong of *Slack* is met not only theoretically but also empirically.  That is, we know that jurists of reason already have found this very issue debatable in that several courts have already held that *Cuyler* rather than *Beets—Strickland* is the appropriate standard of review in cases like this.  Moreover, as pointed out by this Honorable Court, the Fifth Circuit specifically stated in *Beets* that "a powerful argument can be made that a lawyer who is a potential co-defendant with his client is burdened by a 'multiple representation' conflict that ought to be analyzed under *Cuyler. Beets,* 65 F.3d at 1271 n.17.  And it is that exact argument that Mr. McGinty is making:  his lawyers, who were potential co-defendants with him, were burdened by a multiple representation conflict that ought to be analyzed under *Cuyler* rather than *Beets—Strickland.*

II.     **Arguments Supporting Issuance of a COA**

     A.     **Reasonable jurists not only *could* differ but *do in fact* differ as to why the *Cuyler* standard, rather than the *Beets—Strickland* standard, should be used when analyzing a conflict of interest claim involving a lawyer who is a potential co-defendant with his client.**

Not only has the Fifth Circuit invited an exception to the *Beets—Strickland* standard in cases precisely like Mr. McGinty's, where a lawyer may be a potential co-defendant with his client, but other jurists of reason have already decided that the *Cuyler* standard rather than *Beets—Strickland* standard should apply.  *See Acosta v. State*, 233 S.W.3d 349, 356 (Tex. Crim. App. 2007) ("In short, the proper standard by which to analyze claims of ineffective assistance of counsel due to a conflict of interest is the rule set out in *Cuyler v. Sullivan*); *see also Rubin v. Gee,* 292 F.3d 396, 403 (4th Cir. 2002) (holding that *Cuyler* constituted the clearly established federal law governing a petitioner's claim that two of her three lawyers' personal interests in avoiding prosecution created a conflict of interest that adversely affected her representation).   Moreover, as pointed out in the dissenting opinion in *Beets,* reserving the *Cuyler* standard only for the ordinary multiple representation scenario is "ill-considered," therein encompassing the "reasonable jurist disagreement prong" of *Slack* into the opinion:

> [T]he majority's attempt to draw the *Cuyler* line at multiple representation is ill-considered, for there is no logical reason why the distinction could not be used to classify all conflicts (including those involving the attorney's self-interest) as "multiple representations." Simply put, there is no intuitive reason why the *Cuyler* line should be drawn at conflicts where the interests of only third parties cause the divergence facing the attorney, as distinguished from conflicts where the interest of the attorney himself causes the divergence that he confronts. Indeed, there is a powerful intuitive reason why, in some situations, that line should not be (and has not been) drawn there. There are exceptional conflicts involving the attorney's self-interest that, human nature being what it is, are far more likely to impair the lawyer's ability to satisfy his duty of loyalty to his client than are the more ordinary conflicts between clients.
>
> **In short, there is no authority whatsoever for limiting *Cuyler* to the multiple representation situation, and, as many courts have recognized, it makes no sense to do**

> **so in those exceptional cases where an attorney's self-interest poses a serious threat to the duty of loyalty.**

*See Beets* 65 F.3d at 1297, 1299 (emphasis added).

As eloquently deduced by the dissent in *Beets, Cuyler* should not be limited to the ordinary multiple representation situation and Mr. McGinty's case presents a good issue for the Fifth Circuit to analyze a conflict where a lawyer is a potential co-defendant with his client under *Cuyler*.

### B. The conflict of interest in Mr. McGinty's case was real, not theoretical, and prejudice is to be presumed under *Cuyler*.

In most attorney conflict of interest cases a defendant must show prejudice under the familiar standard of *Strickland*, supra, 466 U.S. 668, 104 S.Ct. 2052, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. However under the *Cuyler* standard, prejudice is presumed. *Cuyler v. Sullivan* (1980) 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333. The rationale behind *Cuyler* 's presumption-of-prejudice rule is two-pronged: (1) the high probability of prejudice arising from the conflict and (2) the difficulty of proving that prejudice. *People v. Almanza*, 233 Cal. App. 4th 990, 1008, 183 Cal. Rptr. 3d 335, 349 (2015), reh'g denied (Feb. 25, 2015), cert. denied sub nom. Almanza v. California, 136 S. Ct. 501, 193 L. Ed. 2d 399 (2015). These two elements of *Cuyler* are present in Mr. McGinty's case.

### 1.    There is a high probability of prejudice

It makes perfect sense to use the presumed prejudice standard of *Cuyler* in these types of situations because "[w]hat could be more of a conflict than a concern over getting oneself into trouble with criminal law enforcement authorities?" *United States v. Cancilla*, 725 F.2d 867, 870 (2d Cir. 1984). In this situation, a defendant need not show prejudice due to the inherent seriousness of the breach and the difficulty in "measur[ing] the precise effect on the defense of

representation corrupted by conflicting interests." *Strickland*, 466 U.S. at 692, 104 S.Ct. 2052 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)) (internal quotation marks omitted). Rather, "[p]rejudice is presumed ... if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." *Id.*

According to all accounts, the Bexar County courthouse corruption investigation started out with a much wider focus than Angus McGinty.  And that broad focus included other judges and lawyers, including Mr. McGinty's attorneys, Mr. Norton and Mr. Brown.  Any trial counsel in a criminal case who was worried about being potentially implicated in the criminal investigation "has a conflict with the interest of representing the client zealously – he or she does not want to antagonize the prosecutor."  *See Almanza,* 233 Cal.App.4[th] at 1002.

### 2.      There is difficulty in proving that prejudice

The second prong of *Cuyler* is present Mr. McGinty's case because prejudice is difficult to prove because the client could be harmed by the attorney's actions or inactions that are known only to the attorney.  *See Almanza,* 233 Cal.App.4[th] at 1009.  In short, the personal interest conflicts in Mr. McGinty's case present comparable or greater difficulties to situations involving ordinary multiple representation conflicts which is why the *Cuyler* standard should be used to analyze the conflict of interest that permeated Mr. McGinty's case.

## III.   Conclusion

Based on the foregoing, it is respectfully submitted that Mr. McGinty has met the standard for a mandatory issuance of a COA in this matter.  Therefore, Mr. McGinty respectfully requests that this Court issue a COA on the issue as to whether the *Cuyler* standard, rather than

the *Beets—Strickland* standard, should be used when analyzing a conflict of interest claim

involving a lawyer who is a potential co-defendant with his client.

      **WHEREFORE, PREMISES CONSIDERED**, it is respectfully requested that this Court

issue a COA so that Mr. McGinty may appeal this Court's denial and dismissal of his Motion under

28 U.S.C. 2255.

                                    Respectfully submitted,

                                    **SUMPTER & GONZÁLEZ, L.L.P.**
                                    206 E. 9th Street, Suite 1511
                                    Austin, Texas 78701
                                    Telephone:  (512) 381-9955
                                    Facsimile:  (512) 485-3121

                             By:    */s/ David M. Gonzalez*
                                      David Gonzalez
                                    State Bar No. 24012711
                                    david@sg-llp.com

## <u>CERTIFICATE OF SERVICE</u>

By my signature below, I do hereby certify that on May 26, 2017, a true and correct copy of the foregoing REQUEST FOR CERTIFICATE OF APPEALABILITY UNDER TITLE 28 U.S.C. SECTION 2253(C) was filed using the Court's electronic filing system, which will provide notice to all parties of record, specifically:

Brock Taylor
United States Attorney's Office
District of New Mexico
555 S. Telshor, Ste. 300
Las Cruces, NM 88011

Because this motion will be filed under seal, a separate copy of this Request was also delivered via electronic mail to Mr. Taylor at Brock.Taylor2@usdoj.gov in the event he is unable to immediately access it via CM/ECF.

*/s/ David M. Gonzalez*
David Gonzalez

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **vs.** | § | **CRIMINAL NO. SA-14-CR-500-XR** |
| | § | |
| **ANGUS KELLY MCGINTY** | § | |
| | § | |

**ORDER**

IT IS HEREBY ORDERED that Petitioner McGinty's Request for Certificate of Appealabilty Under Title 28 U.S.C. Section 2253(c) is GRANTED.

IT IS SO ORDERED this the _____day of _____, 2017.


_____
JUDGE RODRIGUEZ