IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     *Plaintiff/Respondent*, | ) | CRIMINAL NO. 5:14-CR-00500-XR |
| | ) | CIVIL NO. 5:16-CV-00721-XR |
| vs. | ) | |
| | ) | |
| **ANGUS KELLY MCGINTY**, | ) | |
| | ) | **UNDER SEAL** |
|     *Defendant/Movant*. | ) | |

UNITED STATES' RESPONSE TO ANGUS KELLY MCGINTY'S
REQUEST FOR A CERTIFICATE OF APPEALABILITY

The United States of America hereby responds in opposition Angus Kelly McGinty's request for a certificate of appealability (COA) of the Court's Order dated April 6, 2017, which denied and dismissed McGinty's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The United States submits that McGinty has failed to make "a substantial showing of a denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Accordingly, the United States respectfully requests that the Court deny McGinty's request for a COA of the Court's Order dated April 6, 2017.

I.  **LEGAL STANDARD**

A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "Where a district court has rejected the constitutional claims on the merits, … [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*,

529 U.S. 473, 484 (2000).  This standard requires the petitioner to demonstrate that "reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented deserved encouragement to proceed further." *United States v. Jones*, 287 F.3d 325, 329 (5th Cir.2002) (internal quotation marks, ellipses, and citations omitted).

**II.    ARGUMENT**

    **A.    Reasonable Jurists Could Not Debate Whether It Was Appropriate To Deny McGinty's Habeas Petition**

McGinty's habeas petition was so devoid of substance that reasonable jurists could not debate whether it was appropriate to deny McGinty's habeas petition.  McGinty's habeas petition failed for a number of independent reasons.  For example, the Court found that "McGinty has not shown the existence of an actual conflict of interests."  (Doc. 110 at 11).  In addition, the Court found that "McGinty has not shown that his counsels' performance was objectively unreasonable due to the presence of a conflict of interests."  (Doc. 110 at 16).  Moreover, the Court found that, "the record conclusively shows that McGinty is not entitled to relief, particularly because he has not shown prejudice."  (Doc. 110 at 21).  Furthermore, the Court found that "the argument that McGinty would have somehow acted differently with respect to his legal options had he known that Brown and Norton were involved in illicit activity fails at the very outset because its premise— that McGinty was oblivious to this information—simply cannot be true."  (Doc. 110 at 18).  The sheer number of different ways in which McGinty's habeas petition was found to be lacking highlights the lack of substance of McGinty's constitutional claims.

McGinty's allegation that two of his three criminal defense attorney labored under an actual conflict of interest was investigated and found to be unsubstantiated.  (Doc. 110 at 15-16).  As a result, McGinty's habeas petition was based entirely on conjecture and innuendo and lacked a

basis in fact. Reasonable jurists do not debate constitutional issues that are based on conjecture and innuendo and lack a basis in fact.

McGinty argues that a COA should issue because jurists of reason could debate whether the *Strickland* standard or the *Cuyler* standard should have been applied to his habeas petition. A key problem with McGinty's argument is that, even accepting McGinty's theory that the *Cuyler* standard should have applied, reasonable jurists could not find the Court's assessment of McGinty's constitutional claims to be debatable or wrong because McGinty's habeas petition failed under both the *Strickland* standard and the more lenient *Cuyler* standard. *See* (Doc. 110 at 11, 14).

The Court specifically found that "McGinty has not shown the existence of an actual conflict of interest." (Doc. 110 at 11). Moreover, the Court found that "[b]ecause McGinty has not established an actual conflict of interests, he has not shown that Brown and Norton's representation fell below an objective standard of reasonableness." (Doc. 110 at 14). In *Cuyler v. Sullivan*, the Supreme Court opined: "In order to demonstrate a violation of his Sixth Amendment rights, <u>a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance</u>." 446 U.S. 335, 350 (1980) (emphasis added). The Supreme Court later reiterated: "Prejudice is presumed **only if** <u>the defendant demonstrates that counsel 'actively represented conflicting interests' and that an actual conflict of interest adversely affected his lawyer's performance</u>." *Strickland v. Washington*, 466 U.S. 668, 692 (1984) (citing *Cuyler*, 446 U.S. at 350) (emphasis added). Under the *Cuyler* standard, McGinty would not even get to the presumption of prejudice he so desperately wants because he failed to make the preliminary showing of an actual conflict of interest that adversely affected his lawyers' performance. *See Cuyler*, 446 U.S. at 350. Thus, because McGinty has failed to show an actual conflict of interest,

McGinty's habeas petition fails under both the *Strickland* standard and the more lenient *Cuyler* standard.

McGinty's habeas petition is so lacking in substance that reasonable jurists could not debate whether the motion should have been resolved in a different manner. *See Jones*, 287 F.3d at 329. Indeed, the question of whether reasonable jurists could debate whether the *Strickland* standard or the *Cuyler* standard should have been applied to McGinty's habeas petition is simply the wrong question. McGinty's habeas petition was so devoid of substance that it failed under both the *Strickland* standard and the *Cuyler* standard, and there can be no reasonable debate about that. It is impossible for McGinty to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2), because his underlying habeas claims lack substance. Accordingly, a COA should not be issued.

  **B.**  **Reasonable Jurists Are Bound By *Stare Decisis***

McGinty fails to recognize that reasonable jurists are bound by the doctrine of *stare decisis*. As a general rule, the doctrine of s*tare decisis* functions to limit the number of issues that can be reasonably debated among jurists of reason to those matters that have not previously been resolved by binding precedent.

As McGinty attempts to play up in his request for a COA, there was a time—approximately twenty-two years ago to be exact—when reasonable jurists sitting on the Fifth Circuit Court of Appeals debated the issue of whether an ineffective assistance of counsel claim based on alleged ethical violations by defense counsel should be adjudicated under the *Strickland* standard or under the *Cuyler* standard. *See Beets v. Scott*, 65 F.3d 1258, 1260 (5th Cir. 1995) (*en banc*). There was sufficient debate about the issue to trigger *en banc* review by the Fifth Circuit. *Id*. The Fifth Circuit ultimately resolved the matter and issued a majority opinion in *Beets* that became binding

precedent. *Id*. Not every circuit judge sitting on the Fifth Circuit agreed with the majority opinion in *Beets*. *Id*. at 1279. Indeed, a few circuit judges even dissented from the majority opinion. *Id*. Nevertheless, all reasonable jurists recognize that the majority opinion in *Beets* became binding precedent in the Fifth Circuit. As a result, since 1995, under the guide of the doctrine of *stare decisis*, reasonable jurists within the Fifth Circuit would no longer debate whether the *Strickland* standard or the *Cuyler* standard applied to this case. Accordingly, McGinty has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2), and a COA should not issue.

### C.  McGinty Attempt To Bootstrap An Issue For Appeal Highlights The Lack Of Substance Of His Habeas Petition

The utter lack of substance of McGinty's habeas petition is highlighted by McGinty's attempt to use his request for a COA to bootstrap an issue on appeal that was not previously raised with the Court. In its opinion, the Court "t[ook] stock of a footnoted piece of dictum from *Beets* that neither party address[ed]—'Although we have no occasion to discuss the question here, a powerful argument can be made that a lawyer who is a potential co-defendant with his client is burdened by a 'multiple representation' conflict that ought to be analyzed under *Cuyler*. *Beets*, 65 F.3d at 1271 n.17.'" (Doc. 110 at 12). As it turns out, this unaddressed, piece of dictum just happens to be the "exact argument that Mr. McGinty [was] making" all along, (Doc. 112 at 4), McGinty just somehow failed to raise it previously. McGinty's attempt to bootstrap an issue for appeal in his request for a COA mirrors his ever shifting approach to this case and highlights the general lack of substance of McGinty's habeas claims. Thus, McGinty has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2), and the Court should deny McGinty's request for a COA.

### III. CONCLUSION

McGinty habeas petition was frivolous.  McGinty's habeas petition failed for a number of independent reasons.  Most importantly, McGinty's habeas claims were based entirely on conjecture and innuendo and lacked any basis in fact.  Thus, it is impossible for McGinty to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2), because his underlying habeas claims lack substance.  McGinty's habeas petition failed under each of the prongs of the *Strickland* standard and even failed under the more lenient *Cuyler* standard.  Reasonable jurists simply could not find the Court's assessment of McGinty's constitutional claims debatable or wrong.  *See Slack*, 529 U.S. at 484.  Accordingly, McGinty has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2), and a COA should not be issued.  Wherefore, the United States respectfully request that the Court deny McGinty's request for a COA.

                    Respectfully submitted,

                    JEFFERSON B. SESSIONS III
                    United States Attorney General

                    JAMES D. TIERNEY
                    Acting United States Attorney

                    *Electronically Filed (5/31/17)*
                    BROCK E. TAYLOR
                    Special Attorney
                    200 N. Church Street
                    Las Cruces, New Mexico 88001
                    (575) 323-5244 - Tel.
                    (575) 522-2391 – Fax

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record.  Because this filing was sealed, I also sent an electronic copy of this filing to David M. Gonzalez.

*<u>Electronically Filed (5/31/17)</u>*
BROCK E. TAYLOR
Special Attorney