UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| vs. | § § § | |
| **ANGUS KELLY MCGINTY** | § § | **CRIMINAL NO. SA-14-CR-500-XR** |

### OPPOSED MOTION TO EXTEND SELF-SURRENDER DATE OR IN THE ALTERNATIVE MOTION FOR BOND PENDING APPEAL

**TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS:**

COMES NOW Defendant, Angus Kelly McGinty ("Mr. McGinty") by and through undersigned counsel and hereby files this Opposed Motion to Extend Self-Surrender Date or in the Alternative Motion for Bond Pending Appeal and in support thereof would show the following:

**I.**

On July 15, 2015, Mr. McGinty was sentenced to a term of 24 months in the Bureau of Prisons in the above-referenced case. Mr. McGinty was continued on bond and was allowed to self-surrender at that time. Mr. McGinty has had previous surrender dates which this Court has extended in previous orders. Mr. McGinty's new self-surrender date is September 4, 2017. He remains on pretrial supervision, is not a flight risk, and has been actively participating in his legal case. He is not a danger to the community.

Since the most recent extension of self-surrender date of September 4, 2017 was given, undersigned counsel was granted a certificate of appealability by this Court as to the denial of the application for habeas pursuant to 28 U.S.C. 2255. Mr. McGinty requests that this Court consider

allowing him to remain on Pretrial Supervision and consider extending his self-surrender date until after the resolution of the pending appeal in the Fifth Circuit in the interests of justice. Undersigned counsel needs to be able to consult with Mr. McGinty regarding issues in this matter. Such consultation would be difficult if Mr. McGinty was incarcerated. Moreover, in the event an evidentiary hearing is granted by the 5th Circuit, as has been requested by Mr. McGinty, it will be much easier to have Mr. McGinty in attendance if he is allowed to remain on Pretrial Supervision. Moreover, if the Fifth Circuit does grant and allow Mr. McGinty to withdraw his plea, it would prevent Mr. McGinty from serving time in prison if the Court were to determine that an actual conflict of interest occurred as a matter of law.

Release pending habeas corpus is expressly authorized by Rule 23, Federal Rules of Appellate Procedure, which provides:

> Rule 23. Custody or Release of a Prisoner in a Habeas Corpus Proceeding
>
> (a) Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.
>
> (b) Detention or Release Pending Review of Decision Not to Release.
>
> While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
>
> >   (1)  detained in the custody from which release is sought;
> >
> >   (2)  detained in other appropriate custody; or
> >
> >   (3)  released on personal recognizance, with or without surety.

(c) Release Pending Review of Decision Ordering Release. While a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety.

(d) Modification of the Initial Order on Custody. An initial order governing the prisoner's custody or release, including any recognizance or surety, continues in effect pending review unless for special reasons shown to the court of appeals or the Supreme Court, or to a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued.

This is congruous with the alternative findings permitting release pending appeal under

18 U.S. 3143, which provides:

(b) Release or detention pending appeal by the defendant.--

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–

(i) reversal,
(ii) an order for a new trial,
(iii) a sentence that does not include a term of imprisonment, or
(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title . . .

18 U.S.C. § 3143.

**OPPOSED MOTION TO EXTEND SELF-SURRENDER DATE OR IN THE ALTERNATIVE MOTION FOR BOND PENDING APPEAL** – Page 3
United States of America v. Angus Kelly McGinty
NO. SA-14-CR-500-XR

The Government has no evidence that Mr. McGinty, who has been successfully serving pretrial release since June 30, 2014, is a danger or risk of flight. Thus, the decision for bond pending appeal depends ultimately on finding a "substantial question of law or fact" which is "likely to result in" either "a new trial" or a sentence "that does not include a term of imprisonment" or is "less than the time already served plus the expected duration" of the habeas proceeding.

The issues presented by Mr. McGinty's 2255 petition satisfy the above standard. Although this Court denied Mr. McGinty's writ of habeas corpus using the *Strickland* standard, it recognized the Fifth Circuit's own acknowledgement of a "powerful argument" in favor of a different standard of review under *Cuyler v. Sullivan* in cases such as Mr. McGinty's. Therefore, the very issue that Mr. McGinty's appeal is premised on is one that presents a "substantial question of law or fact" which is "likely to result in" either "a new trial" or a sentence "that does not include a term of imprisonment. "Undersigned counsel submits that if the Fifth Circuit were to decide to use the *Cuyler* standard, this would likely result in a new trial for Mr. McGinty. Moreover, Mr. McGinty's petition presents extraordinary circumstance that but for release pending habeas corpus, Mr. McGinty will serve the entire balance or majority of his sentence before the habeas can be decided.

## II.

Although the case is pending before the Fifth Circuit, 18 U.S.C. § 3143 vests jurisdiction and authority with any "judicial officer." Accordingly, Mr. McGinty respectfully requests this Honorable Court grant this motion and either permit Mr. McGinty to remain on pretrial

supervision pending a decision by the Fifth Circuit, or in the alternative, to allow Mr. McGinty's continued release on bond with conditions pending the resolution of the writ of habeas corpus proceeding should the Fifth Circuit determine that Mr. McGinty be permitted to withdraw his guilty plea or remand for an evidentiary hearing.

### III.

Undersigned counsel reached out to Pretrial Services Officer Amanda Ceballos about this Motion and she indicated he does not object to Mr. McGinty's request for a new self-surrender date or a bond in the alternative.  Mr. McGinty has been on Pretrial Supervision since June 30, 2014 and has never had any issues.  He is neither a flight risk or a danger to the community and granting this additional extension will serve the above-referenced interests of justice.  Alternatively, Mr. McGinty's writ of habeas corpus raises a substantial question of law that is likely to result in a new trial if the Fifth Circuit decides the issue in his favor.  Therefore, Mr. McGinty also qualifies for a bond pending appeal per 18 U.S.C. 3143(b).

The Assistant United States Attorney was contacted for this Motion and he indicated that he is opposed.

                            Respectfully submitted,

                            **SUMPTER & GONZÁLEZ, L.L.P.**
                            206 E. 9th Street, Suite 1511
                            Austin, Texas 78701
                            Telephone:  (512) 381-9955
                            Facsimile:   (512) 485-3121

                    By:   */s/ David M. Gonzalez*
                            David Gonzalez
                            State Bar No. 24012711
                            david@sg-llp.com

## CERTIFICATE OF CONFERENCE

By my signature below, I do hereby certify that I conferred with Assistant United States Attorney Brock Taylor regarding this motion and he is opposed.

      /s/ David M. Gonzalez
      David Gonzalez

## CERTIFICATE OF SERVICE

By my signature below, I do hereby certify that on August 18, 2017 a true and correct copy of the foregoing Opposed Motion to Extend Self-Surrender Date or in the Alternative Motion for Bond Pending Appeal was filed using the Court's electronic filing system, which will provide notice to all parties of record, specifically:

Brock Taylor
United States Attorney's Office
District of New Mexico
555 S. Telshor, Ste. 300
Las Cruces, NM 88011

Because this motion will be filed under seal, a separate copy of this Proposed Scheduling Order was also delivered via electronic mail to Mr. Taylor at Brock.Taylor2@usdoj.gov in the event he is unable to immediately access it via CM/ECF.

      /s/ David M. Gonzalez
      David Gonzalez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| vs. § § § | |
| **ANGUS KELLY MCGINTY** § § | **CRIMINAL NO. SA-14-CR-500-XR** |

## ORDER

IT IS HEREBY ORDERED that the defendant Angus Kelly McGinty's Opposed Motion to Extend Self-Surrender Date or in the Alternative Motion for Bond Pending Appeal is GRANTED. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons on _____ or, the defendant shall remain released on bond with conditions pending his appeal.

IT IS SO ORDERED this the _____ day of _____, 2017.

_____
JUDGE RODRIGUEZ